IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00034-MR

| | |
|---|---|
| **DURELL JEREMIAH EUBANKS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **RICHARD BATES, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff has paid the filing fee.

**I.    BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred while he was incarcerated at the Alexander Correctional Institution.[1] He names as Defendants: FNU Huneycutt, the Alexander CI warden in his individual and official capacities,

---

[1] According to the North Carolina Department of Adult Corrections (NCDAC) website, the Plaintiff was released from prison on May 27, 2023. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0818581&searchLastName=eubanks&searchFirstName=durell&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed July 7, 2023); Fed. R. Evid. 201. The Plaintiff has attached several documents to his Complaint, some of which are illegible. [See, e.g., Doc. 1-1 at 3].

and the following in their individual capacities: FNU Daniels, a floor officer; FNU Isabel, a "booth" correctional officer; and Richard Bates, a medical provider. [Doc. 1 at 2-3]. He claims that, on December 12, 2022, he was doing "pull ups body curls" in the Alexander CI dayroom when he slipped and fell head-first 10 feet onto the floor. [Id. at 13]. He landed so hard he lost his vision and became dizzy; he experienced extreme pain in his head and back; he remained on the ground for between three and five minutes before he was able to stand up and seek assistance; and nobody came to help him or give him medical attention. [Id.]. He claims that Defendants Daniels, Isabel, and Huneycutt were negligent, and that Defendants Daniels and Bates and violated his Eighth Amendment rights. [Id. at 12]. As injury, the Plaintiff claims that he sustained a concussion and severe back pain that were not adequately or timely treated, misdiagnosis, mental and emotional distress, and depression. [Doc. 1 at 5, 17]. He seeks damages. [Id.].

## II. STANDARD OF REVIEW

Notwithstanding the Plaintiff's payment of the filing fee, the Court must conduct an initial review and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023).

The Plaintiff purports to sue Defendant Huneycutt, who is a state official, in his individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491

3

U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's claims against Defendant Huneycutt in his official capacity for damages do not survive initial review and will be dismissed with prejudice.

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. See, e.g., [Doc. 1 at 13-15 (referring to a "nurse" and Assistant Unit Manager Farrish)]; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The Court also notes that many of the Plaintiff's allegations use pronouns or vague terms

4

such that the Court cannot determine the individual(s) to whom Plaintiff refers. See, e.g., [Doc. 1 at 3, 12, 14 (referring to "medical staff" and "staff"); Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The allegations directed at individuals not named as Defendants, or which are not clearly attributed to any Defendant, are therefore dismissed without prejudice.

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted).

To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to

5

inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, C, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

The Plaintiff claims that Defendant Bates failed to respond adequately by providing emergency medical care and pain medication, despite knowing about the fall and the Plaintiff's symptoms. [Doc. 1 at 13-15]. Accepting the factual allegations as true and drawing all reasonable inferences in the

6

Plaintiff's favor, his Eighth Amendment claim will be allowed to pass initial review against Defendant Bates.

The Plaintiff claims that Defendant Daniels was sleeping, failed to conduct adequate rounds, and did not immediately believe the Plaintiff when he declared a medical emergency [Doc. 1 at 12-13]. The Plaintiff has failed to plausibly allege that Defendant Daniels was aware of a serious medical need and was deliberately indifferent to the same. These allegations of negligence are insufficient to state a deliberate indifference claim.[2] See Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). Accordingly, the Eighth Amendment claims against Defendants Daniels and Isabel are dismissed without prejudice.

The Plaintiff further claims that Defendant Huneycutt was negligent for failing to ensure that the dayroom was safe for exercise; failing to post signs "concerning exercises;" failing to install safety mats in the dayroom to prevent serious injury; and failing to hire competent staff to oversee dayroom recreation [id. at 3, 12].

---

[2] Had the Plaintiff attempted to state an Eighth Amendment claim against Defendant Isabel, it would be dismissed for the same reason. The Plaintiff alleges only that Isabel was supposed to be watching cameras but failed to notice when the Plaintiff fell and laid on the floor for between three and five minutes, and thus failed to summon help [id. at 12].

7

Case 5:23-cv-00034-MR   Document 9   Filed 07/17/23   Page 7 of 11

To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

The Plaintiff has failed to plausibly allege that Defendant Huneycutt had actual or constructive knowledge of an unreasonably dangerous condition or of his staff's unreasonably dangerous conduct, or that he was deliberately indifferent to such. The Plaintiff's allegations against Defendant Huneycutt amount to only claims for negligence or respondeat superior, and are insufficient to state a supervisory liability claim. See Grayson, 195 F.3d at 695; Monell, 436 U.S. at 694. Accordingly, the Plaintiff's supervisory claim against Defendant Huneycutt is dismissed without prejudice.

The Plaintiff attempts to assert separate negligence claims against Defendants Huneycutt, Daniels, and Isabel. [Doc. 1 at 12]. Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). When a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims." Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018); see 28 U.S.C. § 1367(c)(3). A district court may also dismiss the related state claims if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; or (3) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(1), (2), and (4). The Court declines to exercise supplemental jurisdiction over them, because no related § 1983 claim has passed initial review. Artis, 138 S.Ct. at 595.

## IV. CONCLUSION

The Complaint passes initial review against Defendant Bates for deliberate indifference to a serious medical need. The claim against Defendant Huneycutt in his official capacity for damages is dismissed with prejudice. The remaining claims are dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] passes initial review against Defendant Bates for deliberate indifference to a serious medical need.

2. The official capacity claim for damages against Defendant Huneycutt is **DISMISSED WITH PREJUDICE.**

3. The Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. **IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Richard Bates, who is alleged to be current or former employees of the North Carolina Department of Public Safety.

**IT IS SO ORDERED.**

Signed: July 14, 2023

Martin Reidinger
Chief United States District Judge