IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00034-MR

| | |
|---|---|
| DURELL JEREMIAH EUBANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RICHARD BATES, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant Richard D. Bates' Motion for More Definite Statement [Doc. 17].

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred while he was incarcerated at the Alexander Correctional Institution.[1] He alleges that he was exercising on a bar 10 feet from the ground when he lost his grip and fell, striking his head on the hard floor and injuring himself, after which he was denied adequate and timely medical care. The Complaint passed initial review against Defendant Bates, a "medical provider," for deliberate indifference to a serious medical need. [Doc. 1 at 2; Doc. 9]. Accepting the Plaintiff's factual

---

[1] The Plaintiff is no longer incarcerated.

allegations as true and drawing all reasonable inferences in the Plaintiff's favor, the Court found that: "[t]he Plaintiff claims that Defendant Bates failed to respond adequately by providing emergency medical care and pain medication, despite knowing about the fall and the Plaintiff's symptoms." [Doc. 9 at 6-7; see Doc. 1 at 13-15].

Defendant Bates now asks the Court to require the Plaintiff to furnish a more definite statement with respect to the matters alleged in the Complaint pursuant to Rules 10(b) and 12(e), "as Defendant is unable to Answer the Complaint in its present form." [Doc. 17 at 1]. He contends that he is unable to answer because: the handwritten allegations are not numbered; several claims and parties that were dismissed on initial review are included; and thus "Defendant Bates is unable to distinguish which allegations or facts are directed to Defendant Bates and cannot prepare an adequate response to each fact or assertion as set forth by the Plaintiff in the Complaint." [Id. at 1-2]. The Plaintiff has not responded, and the time to do so has expired.

Rule 12(e) allows a party to make a motion for a more definite statement "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The test is whether it is reasonable to require defendants to respond to the [pleading]." Gilbert

2

Case 5:23-cv-00034-MR   Document 18   Filed 12/20/23   Page 2 of 4

allegations as true and drawing all reasonable inferences in the Plaintiff's favor, the Court found that: "[t]he Plaintiff claims that Defendant Bates failed to respond adequately by providing emergency medical care and pain medication, despite knowing about the fall and the Plaintiff's symptoms." [Doc. 9 at 6-7; see Doc. 1 at 13-15].

Defendant Bates now asks the Court to require the Plaintiff to furnish a more definite statement with respect to the matters alleged in the Complaint pursuant to Rules 10(b) and 12(e), "as Defendant is unable to Answer the Complaint in its present form." [Doc. 17 at 1]. He contends that he is unable to answer because: the handwritten allegations are not numbered; several claims and parties that were dismissed on initial review are included; and thus "Defendant Bates is unable to distinguish which allegations or facts are directed to Defendant Bates and cannot prepare an adequate response to each fact or assertion as set forth by the Plaintiff in the Complaint." [Id. at 1-2]. The Plaintiff has not responded, and the time to do so has expired.

Rule 12(e) allows a party to make a motion for a more definite statement "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The test is whether it is reasonable to require defendants to respond to the [pleading]." Gilbert

v. Bagley, 492 F.Supp. 714, 749 (M.D.N.C. 1980). Rule 12(e) must be read in connection with Rule 8, which sets the minimum pleading requirements. Hodgson v. Virginia Baptist Hosp., Inc., 482 F.2d 821, 822 (4th Cir.1973). Rule 8(a) requires that a pleading contain (1) "a short and plain statement of the grounds upon which the court's jurisdiction depends"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for judgment." Fed. R. Civ. P. 8(a). "Unlike a motion to dismiss for failure to state a claim, which attacks the legal sufficiency of a complaint, a motion for a more definite statement focuses on whether a party has enough information to frame an adequate answer." Fogner v. Am. Home Mortg. Servicing, No. 1:11-cv-1073, 2012 WL 12892725, at *1 (M.D.N.C. 2012) (citations omitted).

Defendant Bates' Motion will be denied. Although the pro se Complaint is handwritten and unnumbered, the allegations pertaining to Defendant Bates are adequate for the Defendant to formulate an Answer. The Plaintiff clearly identifies Defendant Bates and describes the two interactions at issue, one on the day of the fall and one when the Plaintiff returned from the hospital, with adequate detail. [Doc. 1 at 13-15]. Accordingly, the Motion for More Definite Statement is denied, and Defendant Bates will be required to answer or otherwise respond to the Complaint.

3

# **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. Defendant Richard D. Bates' Motion for More Definite Statement [Doc. 17] is **DENIED**.

2. Defendant Bates shall answer or otherwise respond to the Complaint within **fourteen (14) days** of this Order.

**IT IS SO ORDERED.**

Signed: December 20, 2023

Martin Reidinger
Chief United States District Judge