IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00034-MR

| | | |
|---|---|---|
| **DURELL JEREMIAH EUBANKS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **RICHARD BATES, et al.,** | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Compel Discovery Responses [Doc. 24].

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred while he was incarcerated at the Alexander Correctional Institution.[1] [Doc. 1]. The Complaint passed initial review against Defendant Richard D. Bates, a "medical provider," for deliberate indifference to a serious medical need. [See Doc. 9]. Defendant Bates waived service and filed an Answer. [Docs. 16, 20]. The discovery cutoff date is May 9, 2024, and dispositive motions are due by June 10, 2024. [See Doc. 21].

---

[1] The Plaintiff is no longer incarcerated.

On March 29, 2024, Defendant Bates filed the instant Motion to Compel. [Doc. 30]. He asserts that he served a First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission on the Plaintiff on January 18, 2024, and that he served a Second Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions on the Plaintiff on February 7, 2024. [Doc. 24; see Docs. 24-1, 24-2 (discovery requests)]. On February 26, 2024, defense counsel sent the Plaintiff a letter notifying him that counsel had not received the Plaintiff's discovery responses and that they were overdue. [See Doc. 24-3 (Feb. 26, 2024 letter)]. On March 8, 2024, defense counsel sent the Plaintiff a follow-up letter asking the Plaintiff to respond to the discovery requests. [See Doc. 24-4 (March 8, 2024 letter)]. Defense counsel has been unable to discuss the overdue discovery responses with the Plaintiff by telephone. [Doc. 24 at 2].

Defendant Bates now asks the Court to compel the Plaintiff to respond to the written discovery requests that have been served on him in this matter. [Id.]. The Plaintiff has not responded to the Motion to Compel, and the time to do so has expired. See LCvR 7.1(e) (responses to motions are due within 14 days of the date on which a motion is served); [see also Doc. 3 (Order of

Instructions directing the Plaintiff to comply with all applicable rules including the Court's Local Rules)].

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010). The decision to grant or deny a motion to compel is generally an issue within the broad discretion of the trial court. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

The Defendant asserts, and the Plaintiff does not dispute, that the Plaintiff has failed to respond to two sets of discovery requests. The Motion to Compel will be granted, and the Plaintiff will be directed to respond to the two sets of outstanding discovery requests within 14 days. [Docs. 24-1, 24-2]. The Plaintiff's failure to comply with this Order may result in the imposition of sanctions, including the dismissal of this action with prejudice.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Compel Discovery Responses [Doc. 24] is **GRANTED**. The Plaintiff shall respond to the Defendant's outstanding discovery requests [Docs. 24-1, 24-3] within **fourteen (14) days** of the date of this Order.

The Plaintiff's failure to comply with this Order may result in the imposition of sanctions, including the dismissal of this action with prejudice.

**IT IS SO ORDERED**.

Signed: April 30, 2024

Martin Reidinger
Chief United States District Judge