IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00034-MR

| | |
|---|---|
| DURELL JEREMIAH EUBANKS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RICHARD BATES, et al., )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Defendant Richard Bates' Motion to Dismiss for Failure to Comply with Order Compelling Discovery and for Failure to Prosecute [Doc. 26].

**I.    BACKGROUND**

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred while he was incarcerated at the Alexander Correctional Institution. [Doc. 1]. On June 23, 2023, the Plaintiff informed the Court that he had been released from prison, and provided the Court with his new address. [Doc. 8]. The Complaint passed initial review against Defendant Richrd D. Bates, who waived service and filed an Answer. [See Docs. 9, 16, 20]. The Court entered a Pretrial Order

and Case Management Plan setting the discovery cutoff date as May 9, 2024, and making dispositive motions due by June 10, 2024.[1]  [Doc. 21].

On March 29, 2024, the Defendant filed a Motion to Compel Discovery Responses, arguing that the Plaintiff had failed to respond to several of his discovery requests.  [Doc. 24]. The Plaintiff failed to respond to the Motion. On April 30, 2024, the Court entered an Order granting the Motion and requiring the Plaintiff to respond to the Defendant's outstanding discovery requests within 14 days.  [Doc. 25].  The Plaintiff was cautioned that "Plaintiff's failure to comply with this Order may result in the imposition of sanctions, including the dismissal of this action with prejudice." [Id. at 4].  A copy of the Order was mailed to the Plaintiff at his address of record that same day.

On May 23, 2024, the Defendant filed the instant Motion to Dismiss. [Doc. 26]. He argues that this action should be dismissed with prejudice pursuant to Rules 26, 37, and 41(b) of the Federal Rules of Civil Procedure because the Plaintiff has not complied with the April 30 Order, nor has the Plaintiff taken any action in this case since June 23, 2023.  [Doc. 8].  The Court notified the Plaintiff of the opportunity to respond to the Defendant's

---

[1] The Court subsequently extended the dispositive motion deadline in light of the Defendant's filing of the Motion to Dismiss. [See May 31, 2024 Text-Only Order].

Motion. [Doc. 28: Roseboro[2] Order]. The Plaintiff has not responded, and the time to do so has expired. This matter is ripe for disposition.

## II. DISCUSSION

Federal Rule of Civil Procedure 37(b)(2) provides that "[i]f a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may issue further just orders," which may include:

    (i)    Directing that the matters embraced in the order or other designated facts be taken as established for purposes of this action, as the prevailing party claims;

    (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii)    striking pleadings in whole or in part;

    (iv)    staying further proceedings until the order is obeyed;

    (v)    dismissing the action or proceeding in whole or in part;

    (vi)    rendering a default judgment against the disobedient party; or

    (vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(iv). Under subsection (d) of this Rule, the Court may order sanctions where a party fails to respond to another party's

---

[2] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

3

discovery requests. Fed. R. Civ. P. 37(d)(1)(A). These sanctions may include those listed above. Fed. R. Civ. P. 37(d)(3).

Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civil P. 41(b). When dismissing an action pursuant to Rule 41(b), a district court should consider "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019) (internal quotations omitted). "A dismissal with prejudice under Rule 41(b) is a harsh sanction which should not be invoked lightly...." Herbert v. Saffell, 877 F.2d 267, 269 (4th Cir. 1989) (cleaned up). When a litigant ignores a court's "explicit warning that ... dismissal would result from failure to obey…," there is "little alternative to dismissal" because any other course would invite abuse and place the court's credibility in doubt. Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989).

Here, the Plaintiff has failed to respond to two sets of the Defendant's discovery requests. He also failed to comply with the Court's April 30, 2024 Order compelling him to respond to the Defendant's discovery requests

within 14 days.  The Plaintiff was expressly cautioned that the failure to comply with the Order compelling discovery may result in the case's dismissal with prejudice.  However, the Plaintiff has failed to comply with the discovery Order, and the time to do so has expired.  Further, he has not provided any explanation for his conduct by responding to the Defendant's Motion to Compel or to the instant Motion to Dismiss.  It therefore appears that he has abandoned this action.  Accordingly, the Defendant's Motion to Dismiss will be granted.

The Court next considers whether the dismissal should be with or without prejudice. Notwithstanding his pro se status, the Plaintiff is personally responsible for litigating this action.  [See Doc. 3 at ¶¶ 7, 9 ("It is Plaintiff's responsibility to actively pursue his/her case [and] comply with Court orders…;" "Failure to comply with this [Order of Instructions] or any other Court Order and/or applicable rules may result in sanctions up to and including dismissal of this action.")].  The Plaintiff's personal responsibility for failing to comply with the discovery rules and this Court's Orders weighs heavily in favor of dismissing this matter with prejudice.

The Defendant argues, and the Plaintiff does not refute, that the Plaintiff's refusal to respond to discovery and to comply has prejudiced the Defendant by causing him to incur additional attorney's fees, will prejudice

5

his ability to file a dispositive motion, and will prejudice his ability to prepare for trial. [See Doc. 26 at 3]. Therefore, the factor regarding the prejudice incurred by the Defendant weighs heavily in favor of dismissing this matter with prejudice.

With regard to deliberately proceeding in a dilatory manner, the record reflects that the Plaintiff has repeatedly failed to respond to the Defendant's discovery requests and to comply with Court deadlines. The Plaintiff has not engaged in any record activity in this case for over a year, during which time the Court and the Defendant have attempted to move this case forward. The Plaintiff's failures to comply with even the most basic deadlines make clear that the Plaintiff has no intention of honoring the Court's Pretrial Order and Case Management Plan so that the litigation can proceed. Therefore, the Plaintiff's history of proceeding in a dilatory manner weighs heavily in favor of dismissing this matter with prejudice.

The Court has considered other less drastic options to dismissing this case with prejudice. One such option would be to dismiss the case without prejudice while taxing the costs and fees against the Plaintiff. This would be a futile act in light of his apparent abandonment of the case and repeated refusal to comply with Court orders. Excluding witnesses or evidence would be equally unavailing in light of the Plaintiff's ongoing disregard of Court

orders and deadlines. There is no reason to believe that the Plaintiff would conduct himself any differently or proceed any more expeditiously were this matter to be dismissed without prejudice. Moreover, the Plaintiff's history in this matter demonstrates that the Plaintiff has no regard for the authority of the Court, and dismissing this case without prejudice would effectively empower him to further undermine the Court's authority. Therefore, the lack of any viable alternative remedy weighs heavily in favor of dismissing the action with prejudice.

Accordingly, in light of all of the relevant factors, the Court concludes that this matter should be dismissed with prejudice. See Ballard, 882 F.2d at 95-96.

## IV. CONCLUSION

For the reasons stated herein, the Court will grant the Defendant's Motion to Dismiss, and this action will be dismissed with prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant Richard Bates' Motion to Dismiss for Failure to Comply with Order Compelling Discovery and for Failure to Prosecute [Doc. 26] is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Signed: July 30, 2024

Martin Reidinger
Chief United States District Judge